UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

AARON KELLY RIVNACK,

        Petitioner,

v.                                                          Case No. 2:14-CV-107

CATHERINE BAUMAN,                          HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Aaron Rivnack, objects to Magistrate Judge Timothy P. Greeley's June 29, 2016 Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition and deny Petitioner a certificate of appealability. Petitioner raised two claims: (1) that his right to due process was violated because the trial court failed to instruct the jury on a critical element of the offense of first degree home invasion and, alternatively, that counsel was ineffective for failing to object to the deficient instructions; and (2) that trial counsel was ineffective for allowing the jury to be apprised of Petitioner's prior criminal record. The magistrate judge concluded that the first ground was procedurally defaulted and that Petitioner failed to establish ineffective assistance of counsel to excuse such default. (R & R at 9–10.) As for Petitioner's second ground, the magistrate judge concluded that the Michigan Court of Appeals' decision rejecting Petitioner's ineffective assistance claim was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the United States Supreme Court. (*Id.* at 13.)

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

Petitioner's Objection concerns the ineffective assistance portion of Petitioner's first ground regarding the allegedly defective jury instruction. Petitioner argues that the Michigan Court of Appeals's conclusion as to prejudice is unsupported because the trial court never addressed on the record the juror note asking for an explanation of the requirement that Petitioner possessed a gun during the home invasion. Petitioner's argument lacks merit. Regardless of whether the juror's note was addressed on the record, or even at all, by the trial court, the point of the note is that it shows that the jury instructions addressed the element of possession of a weapon. (ECF No. 18-10 at PageID.806.) Moreover, the Michigan Court of Appeals found Petitioner could not demonstrate prejudice because the jury found Petitioner guilty of the felony-firearm charge, meaning the jury must have concluded that Petitioner was armed during the home invasion. (*Id.* at PageID.731.)

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 29, 2016 (ECF No. 21) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 22) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: September 26, 2016                        /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE